IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:17CR493 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS E. LORENZ, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION FOR RELIEF PURSUANT TO |
| | ) | SENTENCING REFORM ACT OF 2018 |

**(Response to ECF No. 114)**

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Aaron Howell, Assistant United States Attorney, hereby opposes Defendant Thomas Lorenz's Motion for Relief Pursuant to Sentencing Reform Act of 2018. (R. 114: Motion, PageID 727).

On June 14, 2018, this Court sentenced Lorenz to a term of 18-months imprisonment on Count 2 based on an indictment that charged him with unlawful transfer of a machine gun, in violation of 18 U.S.C. § 922(o) and in violation of 18 U.S.C. § 924(a)(2). (R. 87: Judgment, PageID 524). Lorenz's instant motion asks this Court to order the BOP to recalculate his credit for time served immediately and award him an additional nine days of credit. According to the public Inmate Locator on the Bureau of Prisons' website,[1] Lorenz's scheduled release date is November 21, 2019.

---

[1] http://www.bop.gov/inmateloc (search for "Thomas Lorenz," conducted March 25, 2019).

The BOP has exclusive jurisdiction to determine sentence credits for inmates in the first instance. "After a district court sentences a federal offender, the Attorney General, though the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The district court cannot award sentencing credits. *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996). Instead, an inmate must exhaust his administrative remedies, and only then, if dissatisfied, may he seek review under 18 U.S.C. § 2241. *See, e.g., Reno v. Koray*, 515 U.S. 50, 53 (1995) (describing procedural history of inmate's challenge to BOP credit determination); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). It is unclear whether Lorenz has exhausted his administrative remedies before filing the present motion.

Even if Lorenz had exhausted his administrative remedies, he would not be entitled to relief because the statutory provision he seeks to invoke is not yet effective. Section 102(b) of the First Step Act, Public Law 115-391 (2018), amends 18 U.S.C. § 3624(b) to change the method by which the Bureau of Prisons ("BOP") must calculate good conduct time credits. This subsection becomes effective beginning on the date that the Attorney General completes and releases the risk and needs assessment system under section 101(a) of the Act. The current deadline for that system is July 19, 2019. *See* 18 U.S.C. § 3632(a).

Under the First Step Act, the method for calculating so-called "good-time credit" will be modified. Until this subsection of the First Step Act becomes effective, BOP's calculations are keyed to the sentence an inmate actually serves: A prisoner may "receive credit toward the service of [his] sentence, beyond the time served, of up to 54 days at the end of each year of [his] term of imprisonment," with credit for the last year or portion of a year to be "prorated and credited within the last six weeks of the sentence." 18 U.S.C. § 3624(b) (2018). Under Section

102(b) of the First Step Act, by contrast, BOP's calculation will be keyed to the sentence imposed: A prisoner may "receive credit toward the service of [his] sentence of up to 54 days for each year of [his] sentence imposed by the court," with credit for the last year "credited on the first day of the last year of the term of imprisonment."

Pursuant to Section 102(b)(2) and newly enacted 18 U.S.C. § 3632(a), Congress deferred the effective date of this change until after the Attorney General creates and releases the risk and needs assessment program required by Section 101(a) of the First Step Act, within 210 days of the First Step Act's enactment. Section 102(b)(2) states:

> EFFECTIVE DATE.—The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of Chapter 229 of title 18, United States Code, as added by section 101(a) of this Act.

Despite the clear statutory language setting the effective date in the future, Lorenz is asking this Court to order the law to become effective, for him, immediately—claiming that failure to do so will violate his due process rights.

Congress rationally chose to give BOP a reasonable time to develop and implement through notice-and-comment rulemaking a new approach to awarding credit not only for good conduct, but also for successful completion of recidivism reduction programming under 18 U.S.C. § 3632(d)(4). *Cf. United States v. Navarro*, 800 F.3d 1104, 1110–14 (9th Cir. 2015) (rejecting arguments that delayed implementation of Guideline Amendments 782 and 788 violated the Due Process and Equal Protection Clauses because delay provided necessary time for court review, accommodated the need to arrange for transition and reentry programs, and allowed affected agencies to prepare for increased workload).

Lorenz's due process argument fails for two reasons. First, Lorenz has no had no pre-existing entitlement to the benefit of the new computation method. Therefore, delaying the

3

implementation of this statute did not violate his due process rights.  Second, according to records from the Bureau of Prisons, Lorenz's scheduled release date is November 21, 2019. Accordingly, he is likely to receive the benefit of this new system after its implementation in July 2019.

      Accordingly, the government respectfully requests that this Court deny Lorenz's request for sentence reduction under the First Step Act.

                                  Respectfully submitted,

                                  JUSTIN E. HERDMAN
                                  United States Attorney

By:   /s/ Aaron P. Howell
        Aaron P. Howell (OH: 0081347)
        Assistant United States Attorney
        Federal Building
        2 South Main Street, Room 208
        Akron, OH  44308
        (330) 761-0526
        (330) 375-5492 (facsimile)
        Aaron.Howell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March 2019, a copy of the foregoing was filed with the court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, the United States will serve a copy of the foregoing by regular U.S. Mail to defendant Thomas Lorenz, Reg. No 65246-060, at Federal Correctional Institution, P.O. Box 10, Lisbon, OH 44432.

/s/ Aaron P. Howell
Arron P. Howell
Assistant U.S. Attorney