UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

THOMAS LORENZ,

   Defendant.

------------------------------------------------------

Case No. 5:17-cr-493

OPINION & ORDER
[Resolving Doc. 114]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In February 2018, Defendant Thomas Lorenz pled guilty to transferring a machine gun.[1] In June 2018, the Court sentenced him to eighteen months incarceration.[2]

Lorenz claims that the recently-enacted First Step Act of 2018 entitles him to an earlier release. Accordingly, he moves the Court under 28 U.S.C. § 2241 to require the Bureau of Prisons to re-calculate his sentence.[3]

For the following reasons, the Court **DENIES** Lorenz's motion without prejudice.

## I.   The First Step Act's Good Time Credit Provision Does Not Apply Yet

Certain federal prisoners who steer clear of disciplinary issues may obtain a sentence reduction ("good time credit").[4] Currently, federal law allows for a maximum of forty-seven days of good time credit per year.[5]

The First Step Act of 2018 increases the maximum good time credit available to

---

[1] Doc. 58.
[2] Doc. 87.
[3] Doc. 114. The Government opposes. Doc. 115. Defendant replies. Doc. 116.
[4] 18 U.S.C. § 3624(b)(1).
[5] *Id. See Barber v. Thomas*, 560 U.S. 474, 479 (2010).

fifty-four days per year.[6]  However, this change does not go into effect until the Attorney General completes and releases a "risk and needs assessment system."[7]  The Attorney General must create that system within 210 days of the Act's passage—or July 19, 2019.[8]  The Attorney General has not yet released that system, so the new good time credit rules are not in effect.[9]  Lorenz's interpretative arguments to the contrary would require the Court to rewrite the law.[10]  Thus, Lorenz is not yet entitled to the good time credit he seeks.

Lorenz argues that Congress' choice to delay this change violates the Fifth Amendment's equal protection mandate.[11]  However, to state an equal protection claim, Lorenz must first show that the law treats him differently as compared to other similarly situated persons.[12]  He makes no attempt to do so.  Nor could he do so as the delay applies to everyone eligible for good time credit.

Lorenz also argues that the delay violates the Fifth Amendment's due process clause because it constitutes a liberty deprivation.[13]  But the First Step Act does not impose a liberty deprivation, it merely delays a liberty restoration Lorenz had no constitutional right to in the first place.  If Congress was under no obligation to increase the good time credit at all, surely it is not under a constitutional obligation to increase it immediately.  The Court denies Defendant's motion.

---

[6] First Step Act of 2018, Pub. L. No. 115-391, § 102(b)(1)(A), 132 Stat. 5194 (2018).
[7] *Id.*
[8] First Step Act § 101(a).
[9] Cases so holding are legion. *E.g., United States v. Scouten*, No. 13-CR-20S, 2019 WL 1596881 (W.D.N.Y. April 15, 2019); *Brown v. Warden of FCI Williamsburg*, No. 8:19-cv-546, 2019 WL 1780747 (D. S.C. March 25, 2019); *Schmultzer v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794 (E.D. Ky. Feb. 20, 2019); *Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO(HC), 2019 WL 1229772 (E.D. Cal. March 15, 2019).
[10] Lorenz argues that good time credit is not related to the risk assessment system, and thus it makes no sense to tie credit to the system's enactment.  Maybe so, but that judgment is for Congress, not the Court.
[11] Doc. 116 at 8.  *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n. 2 (1975) ("[W]hile the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is so unjustifiable as to be violative of due process.").
[12] *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).
[13] Doc. 116 at 8.

## II.  Lorenz Has Not Exhausted His Administrative Remedies

Before seeking judicial intervention under 28 U.S.C. § 2241, a federal prisoner is required to exhaust his administrative remedies.[14]  Lorenz admits he has not sought administrative relief but argues that he was not required to.[15]

First, Lorenz claims that he does not need to exhaust administrative remedies because he is seeking relief under 28 U.S.C. § 2255, not § 2241.[16]  However, because Lorenz challenges his sentence's *execution*, not its *legality*, it falls under § 2241.[17]

Second, Lorenz argues that seeking administrative relief would be futile because the Bureau of Prisons has announced the new good time credit is not yet in effect.  Although futility can excuse administrative exhaustion,[18] Lorenz mistakes untimeliness for futility.  Lorenz does not argue that the Bureau of Prisons would deny his credit after it vests.

Finally, Lorenz alleges that he would suffer irreparable harm if required to pursue administrative relief.  Lorenz argues he will be released to a halfway house on July 24, 2019.  Thus, if the new time credit is not available until July 19, 2019, Lorenz claims he will have to spend five additional days in prison (versus in the halfway house).

This argument misses the mark.  For one, it assumes—without basis—that the Attorney General will wait until the last possible day to release the risk assessment system.  If the Attorney General releases the system earlier, Lorenz would suffer no harm at all.  Further, the irreparable harm exception is designed to cover instances where delays caused

---

[14] *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).
[15] *See* Doc. 116 at 3–4.
[16] *Id.* at 3.
[17] *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served.").
[18] *Fazzini*, 473 F.3d at 236.

Case No. 5:17-cr-493
Gwin, J.

by the administrative process are the source of the harm.[19]  Here, by contrast, the alleged harm results from Congress' choice to delay implementation.

For the foregoing reasons, the Court **DENIES** Defendant Lorenz's motion without prejudice.

IT IS SO ORDERED.


Dated: May 13, 2019　　　　　　　　　　　　　*s/　　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[19] See *McCarthy v. Madigan*, 503 U.S. 140, 146–47 (1992).